ROIG, PLAINTIFF AND APPELLANT, *v.* LANDRAU,
DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action
of Debt.

No. 2340.—Decided April 7, 1921.

WRITTEN OBLIGATION—ATTACHMENT.—Where the obligation sued on appears in
an authentic document, but the amount claimed depends upon calculations
and liquidations not appearing therein, an attachment can not be granted
without bond.

The facts are stated in the opinion.

*Messrs. J. Ruíz de Val* and *F. González* for the appellant.

*Messrs. E. Campillo* and *J. Martínez Dávila* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The question involved in this case is whether or not an attachment should have been allowed without bond.

Manuel Roig brought an action against Pablo Landrau to recover $7,713.03 with interest and costs. The complaint alleges that the plaintiff subleased to the defendant a rural property and sold to him the sugar cane crop growing thereon estimated at 46,500 quintals, the defendant agreeing to grind the cane at the Central Vannina on a basis of 7.50 per cent of sugar for each quintal of cane, the price of the said cane to be according to the market price of sugar in 1920 as liquidated by the Central in the customary manner. The plaintiff alleges that he received pay for 36,520 quintals and 20 pounds of cane as liquidated by the central and that the balance of the cane sold, computed at the rate of $17.80 per quintal of sugar, according to the last liquidation of the Vannina, amounted to $13,323.03, of which he received from the defendant only $5,610.00, there being, therefore, a balance in his favor of $7,713.03, which is the sum claimed in his complaint.

The plaintiff attached to his complaint the public deed containing the contract and, based on the fact that the contract was set out in an authentic document, moved the court

to order the attachment without bond of properties of the defendant sufficient to secure the effectiveness of the judgment that might be entered. The court sustained the motion. The defendant then appeared and alleged that as it did not appear from the deed that the defendant owed the plaintiff the sum of $7,713.03, inasmuch as the contract was subject to future conditions and liquidations, the attachment without bond should not have been allowed. The court set aside its order for the attachment and the plaintiff thereupon took the present appeal.

In our opinion the district court construed correctly section 4 of the act to secure the effectiveness of judgments, of 1902, which provides that if it be clearly shown by means of any authentic document that the fulfillment of the obligation may be legally enforced, the court shall decree the remedy without bond, and that in any other case it shall be required that a bond be furnished.

It is true that the contract entered into was set out in a public document, but the amount sued for, although arising from or depending on that contract, is subject to data, calculations and liquidations which do not appear in any authentic form. And this being so, the application of the law finally made by the district court is in accord with its spirit. Otherwise, it would be sufficient that the basis of an obligation whose development and extent depend upon future facts should appear in a public instrument in order to grant without bond an attachment against properties of the obligee for a sum claimed upon the mere unverified allegation of the plaintiff, as in the present case.

Although the facts are not the same, we cite the jurisprudence laid down in the case of *Avalo* v. *Porrata et al.*, 19 P. R. R. 19, and affirmed in *Polanco* v. *Goffinet et al.*, 26 P. R. R. 286, as follows:

"In order that an attachment to secure the effectiveness of a judgment may be decreed without bond, it is necessary that it clearly

appear from an authentic document that the obligation may be legally enforced, which means that not only must the document on which the petition is based be authentic, but that the judge may determine easily whether the obligation exists and is enforceable.''

By virtue of the foregoing, the order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.